Byron White United States Courthouse

1823 Stout St, 1st Floor

Denver, Co 80257-1823


InRe: 11-1322


Your Honor,

Although I am bi-lingual (Spanish/English) there are terms of law and procedures that I do not fully understand.

I submitted my Pro Se direct appeal on January 27, 2012 with the understanding that the Appellate Issues as outlined by Caren I Friedman in the "Appellant's Brief In Chief" would be included as the basis of my appeal and that my filing of January 27, 2012 was to supplement that.

I received a letter March 2, 2012 from Mr Johnson F. Walsh, Federal Prosecutor, stating that he was not filing an Opposition Brief unless directed by the Court. It is my understanding that his not filing an Opposition Brief is paramount to the Government accepting my arguments without opposition. I submitted a Reply Brief on March 14, 2012 and want to supplement that with the following:

First, I desire the Court consider the arguments that were submitted on my behalf November 30, 2011, page 35-to-52-of the Anders brief.

Second, I have provided supplement information to a few of the arguments that further explain my position.

Third, I am asking the Court to GRANT a new trial at which

page 1-of-2.

evidence and information gathered in the course of executing the search warrant are excluded.

Fourth, I am asking the Court to DISMISS the charges for lack of evidence — and because I am innocent of those charges.

Your Honor I was offered a plea bargain of 18 months, in 2004, if I pled guilty to a charge that I did not commit. I refused to accept guilt. During 2006 I was giving the option of being deported and all charges would be dropped. I refused because I was unlawfully deported before and because the Government wanted to unlawfully _____ exchange of my accepting guilt for crimes that I did not commit. Starting in 2008, I feel because I would not accept either plea bargain, I was sent to a Federal mental hospital, Springfield, MO for two durations and was only released when my Attorney supposedly Defender was able to get me seen by a private Doctor who cleared me to be released. I was placed on trial, convicted and given a Life sentence.

Your Honor, I request you review the Appeal and rule in my favor under these true facts.

Date Sent it 5-8, 2012.

Sincerely,

Ismael Arenas Gonzales
Ismael Arenas, Gonzales

"Notice" attached with this letter Please Find 5-Pages of "Supplement to insufficient evidence" and "Standard of Review".

Supplement to INSUFFICIENT EVIDENCE "Date sent it"

The only evidence stems from heresy statements made by Det Rojas regarding his Non-existent confidential informants and unconfirmed testimony regarding drug storage and drug sales at the Defendant's home. There is no evidence of any "controlled buys". Det Rojas testified that his first attempt at a controlled buy failed but his second attempt resulted in a buy, however there is no wire recording, video, marked money, informant affidavit or drugs that was provided as evidence to any of the Courts Judges that a buy ever occurred. To further complicate the testimony, the confidential informant supposedly had disappeared and couldn't be found.

The Defendants ex-girlfriend and her brother, both admitted crack abusers, were given immunity to testify. The information as to location of the alleged drugs, when they led the Officers on a search, showed that no drugs were found. The search as a result from the issuence of the search warrant yielded no drugs. There was reported a gun found in one of the bedrooms in the house but that gun doesnt exist. There were no pictures taken of the space with the gun where was supposedly Found, the evidence unit reported it lost or destroyed, depending which report you read and there was no chain of evidence established for a hand gun, that was reported destroyed or lost, yet a gun was presented at trial.


Supplement to SEARCH WARRANT

A search warrant must be void and the fruits of the search suppressed where a court (1) finds that the affiant knowingly or recklessly included false statements in or omitted material information from an affidavit in support of a search warrant; and (2) concludes, after excising such false statements, that the corrected affidavit does not support a finding of probable cause. On appeal, an appellant court reviews de nova the ultimate determination of the reasonableness under the Fourth Amendment. Garcia-Zambrano 530 F.3d 1249 (10th Cir 2008) Assertations can be made with reckless disregard for the truth even if they involve minor details. Recklessness is not measured by the revelance of the information, but by the demonstration of the willingness to affirmatively distort the truth. An assertation is made with reckless disregard when viewing all the evidence, the affiant must have entertained serious doubt as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported. Cunningham 413 F3d at 1203-04 (quoting Untied States v. Souza, 223 F.3d 1197, 1204-05 (10th Cir. 2000)

Det Rojas made known false statements with reckless disregard for the truth when he averred to the following:

1. Det Rojas knowing that there was no confidential informant CL1 invented a purposed "controlled buy" on 2-24-04. This false statement has no veracity in that there was no confidential informant, no recording of the supposed phone call to a number that was not registered to the Defendant to arrange the "buy", CI1 didn't wear a wire, there was no copy of the marked money that was to be used to effect the "controlled buy", no video of the reported meeting of the

defendant and CI1 walking around the property, and no affidavit signed by CI1 regarding his attempt to buy. In fact there is no evidence that a controlled buy" was ever attempted on 2-24-04.

2. Det Rojas knowing that CI2 does not exist, averred that some time between 5-21-04 to 5-24-04 he attempted to set up a "controlled buy" using the fictitious informant. He reported that a buy of a quantity of heroin was made, however there was no recording of the phone call that was to set up the buy, no wire recording of the conversation during the buy, no video of the buy, no copy of the marked funds, no record of the heroin that was supposedly purchased, no lab report of any actual substance, there was no attempt to apprehend the Defendant to place marked funds in his possession. In fact there was no evidence that any "controlled buy ever took place". CI2 was supposedly reported deported to his, her Country with out ever making any statement or recording of the alleged "control buy".

3. Det Rojas informed the judge in his affidavit for search warrant dated 5-24-04 that the Defendant was accusations by the same county officers arrested and convicted of a drug offence in 2001 and another one in 2003. This was the same supposed offence and there was only one conviction. This information was averred to with reckless disregard of the truth.

The ultimate determination of reasonableness under the Court Amendment is a question of law and is reviewed de nova under the totality of the circumstances. Basham, 268 F.3d 1199, 1203 (10th Cir 2001)

Probable cause to issue a search warrant exists only when the supporting affidavit sets forth facts that would lead a prudent person to believe there is a fair probably that

Page 3-of 5,

contraband or evidence of a crime will be found in a particular place, Biglow 562 F.3d 1279, granted for a search warrant.1 Garcia-Zambrano 530 F.3d 1249 (10th Cir 2008) The issuance of the search warrant was entirely dependant on the averments of Det Rojas, however there is no evidence that any "controlled buys" were ever attempted or ever resulted in any facts that could be relied upon to determine probable cause.

The results of the search further establish that fact that Det Rojas fabricated the "controlled buys" and the confidential informants due to the fact that there was no drugs found on the premise of on the Defendant. There supposedly was 3 grams of cocaine supposedly found in one of the neighbors possession, however the evidence was lost or destroyed depending on which report you choose to believe. (letters from the police evidence room). On this appeal the defendant argued that his Sixth Amendment Confrontation rights were violated because the detective Daniel E. Rojas incriminated him on the affidavit for search warrant dated 5-24-04 on the basis of the hearsay statements of the two unavailable trial witnesses mentioned in the affidavit for search warrant dated 5-24-04, under Crawford v. Washington, 541 U.S. 36, 74 CrL 401 (2004), the Confrontation Clause does not allow the admission at trial of a testimonial hearsay statement of someone who does not testify. Te Court found support for its finding in United States v. Meises, 645 F.3d 5, 89 CrL 257 (1st Cir. 2011), and Mitchell v. Hoke, 745 F. Supp. 874 (E.D.N.Y. 1990), affirmed 930 F.2d 1 (2d Cir. 1991);

Clear Inference Communicated.
Moving on to the next step of the Crawford analysis, the Court concluded that the hearsay statements were sufficiently testimonial to violate the Confrontation Clause because the primary purpose of the police interrogation was to collect evidence potentially relevant to a criminal prosecution.

THE TRIAL COURT ERRED IN DENYING MR ARENAS'S MOTION TO SUPPRESS EVIDENCE DISCOVERED DURING THE EXECUTION OF THE WARRANT.

## STANDARD OF REVIEW

The Warrant Clause of the Fourth Amendment provides that "no Warrants shall be issue, but upon probable cause, supported by Oath of Affirmation..." US Const. Amend IV. The Fourth Amendment's protection against warrantless searches is buttressed by the exclusionary rule, which prohibits the introduction of evidence seized during an illegal search as well as testimony relating to information gathered in the course of an illegal search. Murray v. United States, 478 US 533,536 (1988)(citations omitted).

In reviewing an application for a warrant, a magistrate's task is to consider the totality of the circumstances set forth in the affidavit, including the veracity and basis of knowledge of the informants, and make a common sense decision as to whether there is a fair probability that evidence of a crime will be found in the place described in the warrant application. Gated v Illinois, 462 U.S. 213,238 (1983)

Ismael Arenas González
Sincerely, Ismael Arenas Gonzales

"Notice" A copy of this 2-page letter Dated 5, 8, 2012 to the Court of Appeals was sent to the United States Attorney JOHN F. WALSH at Denver, Co. office on this Date 5-8, 2012. With A copy of 5-pages of Supplement to insufficient-evidence, and Standard of Review.

And 4-copies of these same 2-pages and 5-pages where sent to the Tenth Circuit Court of Appeals at Denver, Co. on this same Date 5-8-2012 by Certified Mail, U.S. Postal Service Certified Number 7008-3230-0001-6832-5916 with this Mail.

page 5-of, 5.