IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT
_____

No. 11-1322
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ISMAEL GONZALEZ-ARENAS,

    Defendant-Appellant.

_____

On Appeal from the United States District Court
for the District of Colorado
The Honorable Robert E. Blackburn

_____

**SUPPLEMENTAL BRIEF OF APPELLANT**
_____

*ORAL ARGUMENT IS NOT REQUESTED*

Caren I. Friedman
Attorney at Law
7 Avenida Vista Grande #311
Santa Fe, New Mexico 87508
(505) 466-6418
cf@appellatecounsel.info

*Counsel for Defendant-Appellant*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -ii-

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF MATERIAL FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

STATEMENT REGARDING PRESERVATION . . . . . . . . . . . . . . . . . . . . 4

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    I.     Defendant Is Entitled to the Benefit of the Supreme Court's
         Recent Decision in *Dorsey v. United States* . . . . . . . . . . . . . . . . 5

    II.    Defendant Received the Benefit of the Supreme Court's
         Recent Decision in *Dorsey* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    III.   Even Though Defendant Received the Benefit of *Dorsey*,
         His Sentence Must Still Be Reversed . . . . . . . . . . . . . . . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF COMPLIANCE REGARDING ELECTRONIC
SUBMISSION

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Dorsey v. United States*, 132 S. Ct. 2321 (2012) . . . . . . . . . . . . . . . . . . . . . . . 2, 4-7

*Gray v. Phillips Petroleum Co.*, 971 F.2d 591 (10th Cir. 1992) . . . . . . . . . . . 4

*Kimbrough v. United States*, 552 U.S. 85 (2007) . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Serrata*, 425 F.3d 886 (10th Cir. 2005) . . . . . . . . . . . . . . . . 4

**FEDERAL STATUTES**

8 U.S.C. § 1326(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

8 U.S.C. § 1326(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 922(g)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 924(c)(1)(A)(I) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 924(e)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

21 U.S.C. § 841 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-9

21 U.S.C. § 841 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

21 U.S.C. § 841(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

21 U.S.C. § 841(b)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 8-9

21 U.S.C. § 841(b)(1)(A)(iii) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

21 U.S.C. § 846 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

21 U.S.C. § 851 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

21 U.S.C. § 856(a)(1-2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

21 U.S.C. § 856(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

21 U.S.C. § 860 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**FEDERAL RULES**

10th CIR. R. 28.1(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**FEDERAL SENTENCING GUIDELINES**

U.S.S.G. § 1B1.11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

U.S.S.G. § 2D1.1(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

U.S.S.G. § 4B1.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

U.S.S.G. § 5G1.1(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**Statement of Related Cases**
Pursuant to 10th CIR. R. 28.2(C)(1), to the knowledge of counsel, there have been four prior appeals. The first appeal was filed in 2007. *See United States v. Gonzalez-Arenas*, No. 07-1249. The Court entered an Order denying a petition for writ of mandamus. [Doc. 366]. The second appeal was filed in 2009. *See United States v. Gonzalez-Arenas*, No. 09-1235. The Court entered an Order denying another petition for writ of mandamus. [Doc. 421]. The third appeal was filed on September 17, 2009. *See United States v. Gonzalez-Arenas*, No. 09-1410. The Court entered an Order dismissing that appeal on October 30, 2009. [Doc. 432]. The fourth appeal was filed on November 18, 2009. *See United States v. Gonzalez-Arenas*, No. 09-1517. The Court granted Defendant's motion to dismiss that appeal voluntarily on January 20, 2010. [Doc. 470].

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

_____

No. 11-1322
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ISMAEL GONZALEZ-ARENAS,

    Defendant-Appellant.
_____

On Appeal from the United States District Court
for the District of Colorado
The Honorable Robert E. Blackburn
_____

SUPPLEMENTAL BRIEF OF APPELLANT
_____

## INTRODUCTION

The district court entered final judgment on July 12, 2011. [Doc. 620].[1]

Defendant filed his notice of appeal on July 13, 2011. [Doc. 621]. Defendant

filed his opening brief in this Court on November 30, 2011.

On July 26, 2012, the Court entered an Order directing the parties to file

---

[1] As this is an appeal without an appendix, citations to the record follow the form in 10th CIR. R. 28.1(B).

simultaneous briefs addressing the question whether the Supreme Court's recent decision in *Dorsey v. United States*, 132 S. Ct. 2321 (2012), has any effect on the instant case. This supplemental brief is filed pursuant to the Court's Order.

## STATEMENT OF MATERIAL FACTS

Defendant was indicted in June 2004. [Doc. 1]. A second superseding indictment was filed in May 2005. [Doc. 201]. Count one charges possession of a firearm by an armed career criminal, in violation of 18 U.S.C. §§ 922(g)(1); 924(e)(1). Count two charges Defendant with maintaining a drug involved premises, in violation of 21 U.S.C. §§ 856(a)(1-2) & -(b) and 18 U.S.C. § 2. Count three charges conspiracy to possess with intent to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), -(b)(1)(A); 846; 851 and 18 U.S.C. § 2. Count four charges knowingly possessing with intent to distribute crack cocaine within 1,000 feet of a public school, in violation of 21 U.S.C. §§ 841(a)(1), -(b)(1)(A); 860. Count five charges possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(I). Count six charges unlawful re-entry subsequent to an aggravated felony conviction, in violation of 8 U.S.C. §§ 1326(a), -(b)(2).

After a bench trial in September 2010, the district court found Defendant guilty of counts one, two, three, five, and six. [Doc. 620 at 1-2; *see also* Trial Tr.

2

Vol. III, at 363-72].[2] Defendant was acquitted of count four. The district court sentenced Defendant to life imprisonment at a hearing held on July 11, 2011. [Doc. 620, at 2].

The presentence report set Defendant's offense level at 37 and his criminal history category at VI. [Doc. 610-1, at 2]. The report concluded that Defendant is an Armed Career Criminal, as well as a Career Offender according to the Guidelines. [Doc. 610-1, at 4]. The report stated that the minimum term of imprisonment for count three (conspiracy to possess with intent to distribute more than 50 grams of crack) is life. [Doc. 610, at 14]. The minimum term of imprisonment for count five (possession of a firearm in furtherance of a drug trafficking crime) is 5 years, which must run consecutively to any other term of imprisonment imposed. [Doc. 610, at 14]; *see also* Tr. 7/11/11, at 18-20 (explaining that sentences on counts one, two, three, and six should run concurrently, while sentence on count five must run consecutively).

At the sentencing hearing, the district court stated that "imposition of a life sentence on Count 3 is mandatory." [Tr. 7/11/11, at 16]. The court further found that due to the mandatory nature of the life sentence on count three, "no departure

---

[2]Trial transcripts are cited by volume number, and other transcript citations refer to the date of the hearing.

or variance is available as a matter of law." *Id.* at 18. The district court imposed the following sentences: 1) for count one, 360 months; 2) for count two, 240 months; 3) for count three, life; 4) for count five, 60 months; and 6) for count six, 240 months. *Id.* at 20. The court thus ruled that Defendant is to be imprisoned "for a term of his natural life, plus sixty months." *Id.* at 19.

## STANDARD OF REVIEW

The proper application of new Supreme Court precedent is a legal determination, which the Court reviews de novo. *See United States v. Serrata*, 425 F.3d 886, 906 (10th Cir. 2005) (legal determinations concerning sentencing are reviewed de novo).

## STATEMENT REGARDING PRESERVATION

"[A]n intervening change in the law permits appellate review of an issue not raised below." *Gray v. Phillips Petroleum Co.*, 971 F.2d 591, 593 n.3 (10th Cir. 1992).

## SUMMARY OF THE ARGUMENT

Defendant is entitled to the benefit of the Supreme Court's recent pronouncement in *Dorsey v. United States*, 132 S. Ct. 2321 (2012). Defendant's conduct occurred before enactment of the Fair Sentencing Act, but he was sentenced after the effective date of the Act. However, *Dorsey* has no effect on

4

the instant case. The district court applied post-Act guidelines and sentencing law to Defendant. Therefore, Defendant has already received the benefit to which he is entitled under *Dorsey*.

Nevertheless, Defendant's sentence should be reversed because he was charged with a quantum of crack that would trigger the pre-Act mandatory minimums, yet during the pendency of his case, the amount was changed to trigger the post-Act mandatory minimums. As Defendant argued in his opening brief, virtually all of the evidence in his case was destroyed. Because there is insufficient evidence associating Defendant with the requisite quantum of crack to trigger mandatory life imprisonment, the judgment should be reversed.

## ARGUMENT

**I.     Defendant Is Entitled to the Benefit of the Supreme Court's Recent Decision in *Dorsey v. United States*.**

In 2010, Congress enacted the Fair Sentencing Act, 124 Stat. 2372. The Act contains more lenient penalties for offenders who commit crack cocaine crimes. *See Dorsey v. United States*, 132 S. Ct. 2321, 2326 (2012). In particular, the Act significantly increased the amount of crack necessary to trigger a mandatory minimum sentence. *Id.* at 2329.

The Fair Sentencing Act took effect on August 3, 2010. *See Dorsey*, 132 S.

5

Ct. at 2329. The Sentencing Commission promulgated "emergency" guidelines that became effective on November 1, 2010. *Id.* The permanent version of those guidelines took effect on November 1, 2011. *Id.*

In *Dorsey*, the Supreme Court "conclude[d] that Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders." *Id.* at 2335. Defendant in the case at bar was indicted for conduct that allegedly occurred in 2004, prior to the enactment of the Act. [Doc. 1; 201]. Defendant's sentencing hearing took place in July 2011, after the enactment of the Act. [Tr. 7/11/11]. Defendant falls squarely in the category of offenders who are entitled to application of the Fair Sentencing Act.

## II. Defendant Received the Benefit of the Supreme Court's Recent Decision in *Dorsey*.

As the Supreme Court stated in *Dorsey*, regardless when a defendant commits an offense, the district court is to use the Guidelines Manual in effect on the date that the defendant is sentenced, unless doing so would violate the Ex Post Facto Clause. *See Dorsey*, 132 S. Ct. at 2332 (citing U.S.S.G. § 1B1.11). The district court in the case at bar followed that dictate. At the sentencing hearing, the district court stated that it applied the November 2010 edition and supplement to the 2010 Guidelines Manual. [Tr. 7/11/11, at 16-17]. As discussed above, the

November 2010 edition contained the "emergency" guidelines promulgated pursuant to the Fair Sentencing Act. *See Dorsey*, 132 S. Ct. at 2329.

Under 21 U.S.C. § 841, it is unlawful to possess with intent to distribute crack cocaine. Under the version in effect as of August 3, 2010, where a crime is committed under § 841, and the crime involves "280 grams or more" of crack, then mandatory minimum sentences apply. 21 U.S.C. § 841(B)(1)(A)(iii) (effective Aug. 3, 2010). The statute goes on to state that "[i]f any person commits a violation of this subparagraph . . . after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release." *Id.* As outlined in Defendant's presentence report, Defendant has two prior convictions for felony drug offenses. [Doc. 610-1, at 10-11].

At the sentencing hearing, the district court applied sentencing guideline § 5G1.1. [Tr. 7/11/11, at 17]. Under that section, "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b). The district court was constrained by the applicable mandatory minimum. *See Kimbrough v. United States*, 552 U.S. 85, 108 (2007).

Prior to the enactment of the Fair Sentencing Act, § 841 contained a much

7

smaller amount of crack that would trigger the mandatory minimums. *See* 21 U.S.C. § 841 (2008). Specifically, while the post-Act version of § 841 states "280 grams or more," the previous version stated, "50 grams or more." 21 U.S.C. § 841 (2008).

According to the presentence report, "during the course of the conspiracy the defendant distributed more than 1,600 grams (or at least 1.6 kilograms) of crack cocaine." [Doc. 610-1, at 5]. Under U.S.S.G. § 2D1.1(c), where the crime involves at least 840 grams of crack but less than 2.8 kilograms of crack, the base offense level is 34. [Doc. 610-1, at 7]. Defendant's base offense level was enhanced to 37 under U.S.S.G. § 4B1.1 because he is a career offender. [Doc. 610-1, at 7]. And as discussed, because two of Defendant's prior convictions were for felony drug offenses, the district court was obligated to apply the statutory mandatory minimum in 21 U.S.C. § 841(b)(1)(A).

### III. Even Though Defendant Received the Benefit of *Dorsey*, His Sentence Must Still Be Reversed.

While the district court correctly applied post-Act guidelines to Defendant, it is not clear how the probation officer and the district court settled on the amount of crack cocaine at issue in this case. There is insufficient evidence that Defendant possessed 1,600 grams of crack with the intent to distribute it. Indeed,

8

as the lead detective testified, virtually all evidence was destroyed due to "errors within the police department." [Trial Tr. Vol. I, at 41-42; *id.* at 54].

Thus, while the district court applied the correct version of the guidelines, Defendant's sentence must nevertheless be reversed. As Defendant argued in his opening brief, his sentence should be reversed because it is substantively unreasonable and because there is insufficient evidence to support it. [Aplt's Br. in Chief at 35-36; *id.* at 50-53]. The sentence is particularly unreasonable in light of the insufficient evidence that Defendant possessed 1,600 grams of crack cocaine.

It is worth noting that the 2004 indictment and the 2005 second superseding indictment charged Defendant with – and he was convicted of – possession with intent to distribute "More Than 50 Grams of Crack Cocaine." [Doc. 1; Doc. 201; Doc. 620, at 2]. Interestingly, as discussed above, 50 grams was the *former* amount of crack sufficient to trigger the mandatory minimums prior to enactment of the Fair Sentencing Act. *See* 21 U.S.C. § 841 (2008). By the time of Defendant's sentencing in July 2011, which was after the effective date of the Act, the quantum of crack associated with count three was no longer expressed as "more than 50 grams" but was instead enough to clear the 280-gram hurdle. *See* 21 U.S.C. § 841(b)(1)(A) (effective Aug. 3, 2010). Because there is insufficient

9

evidence that Defendant possessed with intent to distribute 1,600 grams of crack, the Court should reverse his sentence.

## CONCLUSION

For the foregoing reasons, and for the reasons stated in his opening brief, Defendant respectfully asks the Court to reverse the judgment of the district court.

Respectfully submitted,

  /s/ Caren I. Friedman
Caren I. Friedman
Attorney at Law
7 Avenida Vista Grande #311
Santa Fe, New Mexico 87508
(505) 466-6418
cf@appellatecounsel.info

*Counsel for Defendant-Appellant*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Supplemental Brief complies with the type-volume limitations set forth in FED. R. APP. P. 32(a)(7)(B). This brief contains 1,889 words, excluding the parts of the brief exempted by FED. R. APP. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface, namely 14-point Times New Roman, using WordPerfect X4.

I certify that the information on this certificate is true and correct to the best of my knowledge and belief formed after a reasonable inquiry.

                                                /s/ Caren I. Friedman

CERTIFICATE OF COMPLIANCE
REGARDING ELECTRONIC CASE FILING

Pursuant to the General Order, filed March 18, 2009, I hereby certify that: (1) all required privacy redactions have been made; (2) the ECF submission is an exact copy of any hard copies filed with the Clerk; and (3) the ECF submission has been scanned for viruses with the most recent version of AVG Anti-virus, Version 2012.0.2178, updated on August 9, 2012, and, according to the program, is free of viruses.

I certify that the information on this certificate is true and correct to the best of my knowledge and belief formed after a reasonable inquiry.

                                                    /s/ Caren I. Friedman

CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of August 2012, I sent the requisite number of true and accurate hard copies of this document to the Clerk of the United States Court of Appeals for the Tenth Circuit at the following address, by sending them via Federal Express, prepaid, to:

>Elisabeth A. Shumaker, Clerk of Court
>United States Court of Appeals for the Tenth Circuit
>Byron White United States Courthouse
>1823 Stout Street
>Denver, Colorado 80257

I further certify that on the 9th day of August 2012, I filed and served the foregoing on the following counsel of record via the ECF system:

>Michael Conrad Johnson, Esq.
>michael.johnson2@usdoj.gov

I further certify that I served this document on Defendant at the following address, by depositing it in the United States mail, first class, postage prepaid, to:

>Mr. Ismael Gonzalez-Arenas (#32780-013)
>USP Tucson
>United States Penitentiary
>Post Office Box 24550
>Tucson, Arizona 85734

/s/ Caren I. Friedman